UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
DANIEL RISCILI,                                             :        06 Civ. 7596 (RJH)
                                                            :
                                   Plaintiff,               :
                                                            :        **MEMORANDUM OPINION**
                   - against -                              :        **AND ORDER**
                                                            :
GIBSON GUITAR CORP.,                                        :
                                                            :
                                   Defendant.               :
                                                            :
------------------------------------------------------------x


        Plaintiff Daniel Riscili brings suit against defendant Gibson Guitar Corp ("Gibson")

alleging violations of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin.

Code § 8-107, and state law torts.  Gibson moves to dismiss the complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can

be granted.  For the reasons discussed below, Gibson's motion is GRANTED in part and

DENIED in part.

## BACKGROUND

        The following facts are taken from plaintiff's complaint, which is accepted as true on a

Rule 12(b)(6) motion.  *See Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir. 1991).

Plaintiff became an employee of Gibson on November 14, 2001, after Gibson purchased the

company that had previously employed him.  (Am. Compl. ¶ 1.)  On April 2, 2003, at an

event sponsored by Gibson in New York City, plaintiff was subjected to harassment by

another Gibson employee, Lou Vito, on account of his sexual orientation.  (Am. Compl. ¶ 6.)

This incident occurred in the presence of other Gibson employees and clients.  (*Id.*)  "Plaintiff

complained of sexual orientation-motivated" attacks to his employer, yet "little or nothing

was done." (Am. Compl. ¶¶ 7, 20.) As a result of the incident, "plaintiff was made to feel

uncomfortable at his work and was thereafter harassed." (Am. Compl. ¶ 8.) His work

performance deteriorated, and he was eventually terminated on July 31, 2003, "without

cause." (*Id.*)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) may be granted only when "'it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'" *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In ruling on such a motion, the Court "must

accept as true the factual allegations in the complaint, and draw all reasonable inferences in

favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995)

(citations omitted). "The issue is not whether a plaintiff is likely to prevail ultimately, 'but

whether the claimant is entitled to offer evidence to support the claims.'" *Gant v. Wallingford

Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (quoting *Weisman v. LeLandais*, 532 F.2d 308,

311 (2d Cir. 1976) (per curiam)). The Court is "generally limited to the facts and allegations

that are contained in the complaint and in any documents that are either incorporated into the

complaint by reference or attached to the complaint as exhibits."[1] *Blue Tree Hotels Inv.

(Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## DISCUSSION

Plaintiff states five causes of action. The first three causes of action, pursuant to

NYCHRL, allege employment discrimination, a hostile work environment, and unlawful

---

[1] Plaintiff submitted a sworn "witness statement" and additional documents in his opposition. The Court may not, and does not, consider such materials in deciding defendant's motion.

retaliation.  Unlike claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e *et seq.*, claims under NYCHRL can be premised on the sexual orientation of

the employee.  *See* N.Y.C. Admin. Code § 8-107.  The remaining two causes of action allege

common law claims of intentional infliction of emotional distress and negligent hiring,

retention, and supervision.

## I.        Sexual Orientation Discrimination

Plaintiff's first cause of action alleges discrimination on account of his sexual

orientation.  The NYCHRL makes it unlawful "for an employer or an employee or agent

thereof, because of . . . sexual orientation, . . . to discharge from employment such person or

to discriminate against such person in compensation or in terms, conditions or privileges of

employment."  N.Y.C. Admin. Code § 8-107(1)(a).  Claims of discrimination under the

NYCHRL are subject to the same analysis as claims under Title VII.  *See Weinstock v.*

*Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000).  To establish a prima facie claim for such

discrimination, a plaintiff must show: (1) that he belonged to a protected class; (2) that he was

qualified for the position he held; (3) that he suffered an adverse employment action;[2] and (4)

that the adverse employment action occurred under circumstances giving rise to an inference

of discriminatory intent.  *See Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d

Cir. 2002).  The Supreme Court has recently made clear that the prima facie discrimination

case "is an evidentiary standard, not a pleading requirement," and that "the ordinary rules for

assessing the sufficiency of a complaint apply."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

510–11 (2002).  Thus, rather than alleging specific facts, a plaintiff need only provide "a short

---

[2] An "adverse employment action" is one which is "more disruptive than a mere inconvenience or an alteration
of job responsibilities."  *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).  Examples of
materially adverse employment actions include "termination of employment, a demotion evidenced by a
decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material
responsibilities, or other indices . . . unique to a particular situation."  *Id.*

and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2),

and giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests," *Conley*, 355 U.S. at 47.

Plaintiff alleges that defendants "detrimentally alter[ed] the terms, conditions, and/or

privileges of [his] employment."  (Am. Compl. ¶ 10.)  This statement fails to provide even the

minimal notice to defendant required by *Conley* as to what adverse employment action serves

as the basis of the discrimination claim.  To the extent plaintiff's claim relies on his

termination, he has failed to allege that he was fired on account of his sexual orientation; nor

can such causation be inferred from any other allegations in the complaint.  Rather, the

complaint affirmatively suggests that he was terminated because of his deteriorating work

performance, a product of him feeling "uncomfortable at his work" and being "harassed."

(Am. Compl. ¶ 8.)  By not including even this bare allegation of discriminatory animus,

plaintiff has failed to provide the "short and plain statement" required by Rule 8(a) showing

that he is entitled to relief.  *See Gourdine v. Cabrini Med. Ctr.*, 307 F. Supp. 2d 587, 595

(S.D.N.Y. 2004), *aff'd in part, vacated in part*, 128 Fed. Appx. 780 (2d Cir. 2005)

(dismissing Title VII claim regarding discharge because complaint lacked clear allegation of

discriminatory animus and revealed a non-discriminatory explanation for the discharge); *cf.*

*Swierkiewicz*, 534 U.S. at 514 (finding that allegation that plaintiff "had been terminated on

account of his national origin in violation of Title VII" satisfied the requirements of Rule

8(a)).  Therefore, the Court grants defendant's motion to dismiss plaintiff's unlawful

discrimination claim.

## II.     Sexual Orientation Harassment

Plaintiff's second cause of action alleges sexual orientation harassment.  Under

NYCHRL, federal standards are used to determine hostile work environment harassment

claims.  *See Olszewski v. Bloomberg L.P.*, No. 96 Civ. 3393 (RPP), 1997 U.S. Dist. LEXIS

9654, at * 15 n.3 (S.D.N.Y. July 7, 1997).  To prevail on a claim of a hostile work

environment, a plaintiff must establish "that the workplace was permeated with

discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of

employment."[3]  *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).  In determining whether

an environment is sufficiently hostile, courts consider: (1) the frequency of the discriminatory

conduct; (2) its severity; (3) whether the conduct was physically threatening; (4) whether the

conduct reasonably interfered with plaintiff's work; and (5) what psychological harm resulted.

*Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 437 (2d Cir. 1999)

(citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).  Where the hostile environment is

created by "comments, slurs, and jokes," there must be "more than a few isolated incidents."

*Schwapp v. Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (citations and internal quotation marks

omitted); *but see Alfano*, 294 F.3d at 374 ("[E]ven a single act can meet the threshold if, by

itself, it can and does work a transformation of the plaintiff's workplace. . . .  [A] single

incident [must be] extraordinarily severe.").

Plaintiff alleges that he "was made to feel uncomfortable at his work and was

thereafter harassed," and refers without elaboration to "sexual orientation-motivated assaults

---

[3] Plaintiff must also show that "a specific basis exists for imputing the objectionable conduct to the employer."
*Alfano*, 294 F.3d at 373.  Employer liability for a hostile work environment created by a coworker attaches only
where "the employer has either provided no reasonable avenue for complaint or knew of the harassment but did
nothing about it."  *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243, 249 (2d Cir. 1995) (internal
quotation marks omitted).  Plaintiff fails to allege that his employer permitted continuing harassment after the
initial incident.

by co-workers."  (Am. Compl. ¶¶ 8, 20.)  These conclusory allegations do not provide

defendant with the minimum notice of the grounds of the harassment claim, as required by

*Conley*.  Plaintiff also alleges that he was harassed by Vito at a company-sponsored event

because of his sexual orientation.  While this allegation is clear and provides defendant with

notice of the grounds of plaintiff's claim, it fails to state a claim on which relief can be

granted.  While undoubtedly distressing to plaintiff, this isolated incident was not

"sufficiently severe or pervasive" to sustain a claim of a hostile work environment.  *See*

*Galvez v. Means*, No. 95 Civ. 9479 (MBM), 1996 U.S. Dist. LEXIS 12449, at *6 (S.D.N.Y.

Aug. 27, 1996) (dismissing hostile work environment claim based entirely "on offensive

comments, uttered within moments of each other, during one isolated incident").  Plaintiff

makes no other allegations—such as other specific instances in which he was harassed on

account of his sexual orientation or that Vito made physical threats or contact with him—that

demonstrate a hostile work environment.  *Cf. Richardson*, 180 F.3d at 437 (observing that a

single sexual assault may be sufficient to alter the terms and conditions of the victim's

employment).  The Court therefore dismisses plaintiff's claim of a hostile work environment.

*See Prince v. Cablevision Sys. Corp.,* No. 04 Civ. 8151 (RWS), 2005 U.S. Dist. LEXIS 8147,

at *23–*24 (S.D.N.Y. May 6, 2005) ("Even after *Swierkiewicz,* courts have dismissed hostile

work environment claims at the pleadings stage where, as here, the alleged conduct was not

severe or pervasive enough to warrant relief.")

**III.    Unlawful Retaliation**

Plaintiff's final cause of action under NYCHRL alleges unlawful retaliation.  The

NYCHRL makes it unlawful for any employer to retaliate "in any manner against any person

because such person has . . . opposed any practice forbidden under this chapter."  N.Y.C.

Admin. Code 8-107(7).  At a minimum, "the retaliatory or discriminatory act or acts

complained of must be reasonably likely to deter a person from engaging in protected

activity."  *Id.*  Again, plaintiff need not plead specific facts satisfying all aspects of the prima

facie case, but need only plead facts that provide the defendant with "fair notice of what

plaintiff's claim is, and the grounds upon which it rests."  *Swierkiewicz,* 534 U.S. at 512; *see*

*Pearson-Fraser v. Bell Atl.,* 01 Civ. 2343, 2003 U.S. Dist. LEXIS 89, at *11 (S.D.N.Y. Jan. 6,

2003) (*Swierkiewicz's* "simplified pleading standard applies with equal force to retaliation

claims").

Plaintiff alleges that defendant terminated him when he "complained of sexual

orientation-motivated assaults by co-workers."  (Am. Compl. ¶ 20.)  Defendant argues that

this allegation does not sufficiently plead the first element of a retaliation claim, that he took

part in any protected action.  *See Terry v. Ashcroft,* 336 F.3d 128, 141 (2d Cir. 2003) (first

element of a Title VII retaliation claim is participation in a protected activity).[4]  To constitute

a protected activity, "[a]n employee need not establish that the conduct [he] opposed was in

fact a violation of Title VII, but rather, only that [he] had a good faith, reasonable belief that

the underlying employment practice was unlawful."  *Reed v. A.W. Lawrence & Co.,* 95 F.3d

1170, 1178 (2d Cir. 1996) (internal quotation marks omitted); *see also Borski v. Staten Island*

*Rapid Transit*, No. 04-CV-3614, 2006 U.S. Dist. LEXIS 89242, at *15–*16 (E.D.N.Y. Dec.

11, 2006) ("For Plaintiff's conduct to constitute participation in a protected activity, it is

enough that he has made informal protests of discrimination, including making complaints to

management.").  At this stage of the proceeding, the Court cannot say that plaintiff did not

have a good faith, reasonable belief that Vito's actions constituted an unlawful employment

---

[4] Retaliation claims under NYCHRL are generally reviewed under the same standards as Title VII claims.  *See*
*Augustin v. Yale Club*, No. 03 Civ. 1924 (KMK), 2006 U.S. Dist. LEXIS 67462, at *89–*90 (S.D.N.Y. Sept. 18,
2006).

practice.  Thus, this allegation sufficiently pleads a retaliation claim under NYCHRL.

Accordingly, the Court denies defendant's motion to dismiss plaintiff's retaliation claim.

**IV.     Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress under New York law, a

plaintiff must allege: "(i) extreme and outrageous conduct, (ii) intent to cause, or disregard of

a substantial probability of causing, severe emotional distress, (iii) a causal connection

between the conduct and injury, and (iv) severe emotional distress.  *See Howell v. N.Y. Post*

*Co.*, 612 N.E.2d 699, 702 (N.Y. 1993).  Liability has been found only where the conduct has

been "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community."  *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983).  Generally,

insults and slurs do not satisfy this strict standard.  *See James v. Federal Reserve Bank of*

*N.Y.*, No. 01-CV-1106, 2005 U.S. Dist. LEXIS 43493, at \*32 (E.D.N.Y. Aug. 9, 2005)

(dismissing claim of intentional infliction of emotional distress based on allegations of threats,

retaliation, and discrimination, including calling female employees "heifers" and "sluts");

*Daniels v. Alvarado*, No. 03 Civ. 5832 (JBW), 2004 U.S. Dist. LEXIS 3893, at \*15 (S.D.N.Y.

Mar. 12, 2004) (dismissing claim of intentional infliction of emotional distress based on

accusations of incompetency and fraud); *Ward v. Goldman Sachs & Co.*, No. 94 Civ. 6904

(RPP), 1996 U.S. Dist. LEXIS 22, at \*3 (S.D.N.Y. Jan. 3, 1996) (dismissing claim of

intentional infliction of emotional distress based on being subjected to office gossip

concerning sexual orientation, discriminatory treatment by supervisor, and derogatory

comments made by coworker to other coworkers outside plaintiff's presence); *Leibowitz v.*

*Bank Leumi Trust Co.*, 548 N.Y.S.2d 513, 521 (N.Y. App. Div. 1989) (dismissing claim of

intentional infliction of emotional distress based on ethnic slurs); *see also Kirwin v. New York State Office of Mental Health*, 665 F. Supp. 1034, 1040 (E.D.N.Y. 1987) ("[T]he complaint merely alleges insults, indignities, annoyances and petty oppressions which do not constitute outrageous conduct."). In addition, "New York courts are particularly cautious in finding intentional infliction of emotional distress in employment discrimination suits." *Benjamin v. N.Y. City Dep't of Health*, No. 99 Civ. 12345 (LTS), 2002 U.S. Dist. LEXIS 5446, at *28 (S.D.N.Y. 2002); *see also Nunez v. A-T Fin. Info.*, 957 F. Supp. 438, 442 (S.D.N.Y. 1997) ("The New York courts appear to require that plaintiffs allege either an unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats, in order to state a cognizable claim for intentional infliction of emotional distress.").

Plaintiff bases his claim of intentional infliction of emotional distress on both Vito's conduct at the event and defendant's conduct in terminating his employment, but not punishing Vito. (Am. Compl. ¶¶ 24–25.) First, plaintiff makes no argument why the *intentional* conduct of defendant's employee should be charged to defendant. *See Rivielo v. Waldron*, 391 N.E.2d 1278, 1280–81 (N.Y. 1979) (employer only responsible for tortious acts of employee where employee was "acting within the scope of his employment" at the time the tort was committed). Even if it were, these allegations do not amount to "extreme and outrageous conduct" sufficient to meet the strict standard established under New York law. While the alleged conduct of plaintiff's coworker was certainly offensive, this "does not necessarily lead to the conclusion that it arose to such a level that the law must provide a remedy." *Leibowitz*, 548 N.Y.S.2d at 521. As to defendant's alleged termination of plaintiff, this conduct too clearly fails to state a claim for intentional infliction of emotional distress. *See Murphy*, 448 N.E.2d at 89 (allegations of wrongful termination "fall far short of strict

standard" of extreme and outrageous conduct).  Therefore, the Court grants defendant's

motion to dismiss plaintiff's claim of intentional infliction of emotional distress.

## V.        Negligent Hiring, Retention, and Supervision

Plaintiff's final cause of action alleges that the actions of the defendant constitute

negligent hiring, retention, and supervision under New York state law.  (Am. Compl. ¶ 29.)

Even if the Amended Complaint adequately alleged this cause of action, it still must fail

because the New York Workers' Compensation Law "is the exclusive remedy to an employee

. . . when such employee is injured . . . by the negligence or wrong of another in the same

employ."  N.Y. Workers' Comp. Law § 29(6) (McKinney 2006); *see also Ferris v. Delta Air

Lines, Inc.*, 277 F.3d 128, 137–38 (2001) (affirming dismissal of negligent hiring, retention,

and supervision as "precluded by the exclusive remedy provisions of New York's Workers'

Compensation statute"); *Torres v. Pisano*, 116 F.2d 625, 630 (1997) (affirming dismissal of

common law negligence claims asserted on the basis of an alleged hostile work environment

as barred by New York's Workers' Compensation Law).  Plaintiff argues that a different

result is required where the tortious acts complained of were committed intentionally.  (Mem.

in Opp'n 5.)  While it is true that workers' compensation exclusivity does not apply where the

wrong complained of was intentional, "that exception is obviously not applicable to

[plaintiff's] claim of *negligence*."  *Torres*, 116 F.2d at 630; *see also Ross v. Mitsui Fudosan,

Inc.*, 2 F. Supp. 2d 522, 533 ("Obviously, the tort of negligent supervision alleges a negligent

act, not an intentional one.  [Plaintiff] may not bring this claim against her employer, as the

exclusivity provision of the Worker's Compensation Law bars the action.").  Plaintiff was free

to, and indeed did, state a cause of action for an intentional tort.  However, his claims pled in

10

terms of negligence are clearly barred.  Therefore, the Court dismisses plaintiff's claim of

negligent hiring, retention, and supervision.

<h3 style="text-align:center">CONCLUSION</h3>

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and

DENIED in part.  Plaintiff may proceed on his claim of unlawful retaliation in violation of

NYCHRL.  To the extent he is able in good faith to correct the deficiencies in the other claims

as described herein, he is granted leave to amend the complaint.  *See Van Buskirk v. New York

Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) ("[I]t is often appropriate for a district court, when

granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an

amended complaint.").  Plaintiff has thirty days from the date of this Memorandum Opinion

and Order to file a Second Amended Complaint.

SO ORDERED.

Dated: New York, New York
      July 10, 2007

                              Richard J. Holwell
                              United States District Judge

11