UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
DANIEL RISCILI,                      :
                                     :
         Plaintiff,                  :
                                     :
    v.                               :   Case No. 06 CV 7596 (SC)
                                     :
GIBSON GUITAR CORP., a Delaware      :
Corporation; a.k.a, GIBSON USA, GIBSON :
MUSICAL INSTRUMENTS, GIBSON          :
ENTERTAINMENT RELATIONS,             :
                                     :
         Defendants.                 :
                                     :
------------------------------------ x

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

*Of Counsel:*

    Jonathan E. Goldberg, Esq.

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant Gibson Guitar Corp.

# TABLE OF CONTENTS

Page

Table of Authorities ..................................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS AND PROCEDURAL BACKGROUND ........................................................................ 2

ARGUMENT .................................................................................................................................. 4

    POINT I

    THE COURT SHOULD AWARD GIBSON ITS ATTORNEYS' FEES AND
    COSTS UNDER THE NEW YORK CITY HUMAN RIGHTS LAW ............................... 4

    POINT II

    THE COURT SHOULD AWARD GIBSON ITS ATTORNEYS' FEES AND
    COSTS UNDER 28 U.S.C. § 1927 .................................................................................... 7

    POINT III

    GIBSON'S REQUESTED ATTORNEYS' FEES AND COSTS ARE
    REASONABLE .................................................................................................................. 9

        A. Time Spent by Gibson's Counsel in this Case was Necessary to Defend
        Gibson from Plaintiff's Claims .................................................................................. 9

        B. Defense Counsel's Hourly Rates are Reasonable for the Services
        Rendered ................................................................................................................... 10

CONCLUSION ............................................................................................................................ 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Christianburg Garment Co., v. EEOC,*
    434 U.S. 412 (1978) .................................................................................................. 5

*Davis v. Yellow Freight Systems, Inc.,*
    2005 WL 1388889 (N.D.N.Y. 2005) ......................................................................... 5

*Desir v. Concourse Rehabilitation & Nursing Center,*
    2008 WL 756156 (S.D.N.Y. Mar. 21, 2008) ............................................................ 4

*Gollomp v. Spitzer,*
    568 F.3d 355 (2d Cir. 2009) ..................................................................................... 7

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ................................................................................................ 10

*Humphrey v. Columbia Records, Div. of CBS, Inc.,*
    124 F.R.D. 564 (S.D.N.Y. 1989) .............................................................................. 8

*In re Ski Train Fire in Kaprun Aus.,*
    2007 U.S. Dist. LEXIS 60229 (S.D.N.Y. Aug. 16, 2007) ........................................ 7

*Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.,*
    478 F. Supp. 2d 508 (S.D.N.Y. 2007) ...................................................................... 9

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,*
    2001 WL 1154669 (S.D.N.Y. Oct. 1, 2001) ............................................................. 7

*Rozell v. Ross-Holst,*
    576 F. Supp. 2d 527 (S.D.N.Y. 2008) ...................................................................... 4

*Shannon v. Fireman's Fund Insurance Co.,*
    156 F. Supp. 2d 279 (S.D.N.Y. 2001) ................................................................... 4, 5

*Weingarten v. Optima Communications System, Inc.,*
    544 F. Supp. 2d 193 (S.D.N.Y. 2008) .................................................................... 10

*Wilson v. Nomura Sec. Int'l, Inc.,*
    361 F.3d 86 (2d Cir. 2004) .................................................................................... 4, 5

*Wright v. Wilson Elser Moskowitz Edelman & Dicker,*
    1996 U.S. Dist. LEXIS 11287 (S.D.N.Y. Aug. 7, 1996) .......................................... 7

## TABLE OF AUTHORITIES
(continued)

Page(s)

**STATUTES**

28 U.S.C. § 1927 ................................................................................................2, 7, 8, 9

Title VII of the Civil Rights Act of 1964 ...............................................................4, 5, 9

**OTHER AUTHORITIES**

Admin. Code § 8-502(f) ....................................................................................2, 4, 5, 6

Defendant Gibson Guitar Corp. ("Gibson" or "Defendant") respectfully submits this memorandum of law in support of its motion for attorneys' fees and costs. Submitted herewith is the Declaration of Jonathan E. Goldberg, Esq., dated December 4, 2009 ("Goldberg Declaration" or "Goldberg Decl."), with exhibits.

## PRELIMINARY STATEMENT

In July 2006, Plaintiff Daniel Riscili ("Plaintiff") filed a complaint against Gibson, alleging causes of action for (1) discrimination, (2) negligent retention of an unfit employee, and (3) prima facie tort, in connection with his twenty-month employment with Gibson and the termination of that employment on July 31, 2003. A few months later, Plaintiff filed an amended complaint, this time alleging five causes of action: (1) discrimination, (2) hostile work environment, (3) retaliation, (4) intentional infliction of emotional distress, and (5) negligent hiring, retention and supervision. These claims, all of which purportedly arose out of an alleged "mocking incident" at a Gibson-sponsored event in April 2003, were asserted without any proper factual or legal basis.

After Gibson's successful motion practice -- which eliminated most of Plaintiff's purported claims, including his claim for alleged "discrimination" -- Plaintiff and his counsel aggressively litigated the sole remaining claim for alleged unlawful "retaliation" through four days of trial. During the trial, it was confirmed that: (i) Plaintiff had not engaged in any legally protected activity because he had not "protested," "opposed," or "complained" about any alleged discrimination, (ii) there was no evidence that Gibson's CEO, who criticized Plaintiff's performance in June 2003, and was the decision-maker with respect to Plaintiff's termination, was aware that Plaintiff had engaged in any legally protected activity, (iii) Plaintiff's termination lacked a causal connection to any alleged "complaint" regarding the alleged "mocking incident," and that (iv) Plaintiff had fabricated facts regarding the alleged "mocking incident."

On November 5, 2009, after a four-day jury trial, and more than two years of litigation, the jury rendered a complete defense verdict in favor of Gibson. On November 10, 2009, this Court entered Judgment against Plaintiff.

The persistent pursuit of Plaintiff's unfounded claims has caused Gibson, the prevailing party in this case, to incur significant attorneys' fees. Accordingly, Gibson seeks, pursuant to the New York City Human Rights Law ("NYCHR"), NYC Admin Code § 8-502(f), and 28 U.S.C. § 1927, the reasonable attorneys' fees and costs it has incurred.

## FACTS AND PROCEDURAL BACKGROUND

On October 17, 2003, less than three months after the termination of his employment with Gibson for performance-related reasons, Plaintiff and his counsel submitted a charge of discrimination with the EEOC (the "EEOC Charge") claiming, among other things, that Gibson terminated Plaintiff because of his "sexual orientation." A true and correct copy of the EEOC Charge is attached to the Goldberg Declaration as Exhibit A. Specifically, in the EEOC Charge, Plaintiff states, under penalty of perjury, that on or about April 2, 2003, during a movie premiere reception for which Gibson had loaned musical instruments, a Gibson colleague "made disparaging gestures" and "mimicked" Plaintiff and his "sexuality" "unbeknownst" to Plaintiff (while in the presence of others). *Id.* Plaintiff also states that following the alleged incident, it was another colleague, and not Plaintiff, who allegedly "reported" the alleged incident. *Id.* Plaintiff further states in the EEOC Charge that "no reason was given" for his discharge. *Id.* The EEOC Charge was dismissed.

Thereafter, in July 2006, Plaintiff filed a complaint against Gibson alleging causes of action for (1) discrimination, (2) negligent retention of an unfit employee, and (3) prima facie tort. Plaintiff did not allege a cause of action for retaliation in this initial complaint. Approximately five months later, in December 2006, Plaintiff filed an amended complaint,

2

alleging five causes of action: (1) discrimination, (2) hostile work environment, (3) retaliation, (4) intentional infliction of emotional distress, and (5) negligent hiring, retention and supervision.

On July 10, 2007, the Court granted Gibson's motion to dismiss Plaintiff's amended complaint in part, dismissing Plaintiff's claims for discrimination, hostile work environment, intentional infliction of emotional distress, and negligent hiring, retention and supervision -- all with leave to amend.

Approximately one week later, during Plaintiff's deposition on July 19, 2007, and apparently in an attempt to bolster the claims that had just been dismissed by the Court with leave to amend, Plaintiff testified *under oath*, for the first time, that he had personally witnessed the alleged mocking. Indeed, during his deposition, Plaintiff proceeded to describe the alleged mocking in extensive and specific detail, testifying, for the first time, and contrary to his sworn statement in the EEOC Charge, that he personally witnessed the alleged mocking not just once but two times. *See* Goldberg Decl., Exh. B (Transcript of the Deposition of Daniel Riscili, dated July 19, 2007, at 79:10-85:10, 88:10-89:2).

Approximately one month later, on or about August 13, 2007, Plaintiff filed his Second Amended Complaint, renewing his cause of action for discrimination. On March 31, 2008, Gibson moved for summary judgment with respect to both claims and, on March 26, 2009, the Court granted Gibson's motion for summary judgment as to Plaintiff's discrimination claim.

From November 2, 2009 to November 5, 2009, Plaintiff prosecuted, and Gibson defended, the sole remaining cause of action for retaliation during a four-day jury trial. Plaintiff claimed that Gibson terminated his employment because Plaintiff had allegedly complained that a co-worker had mocked him because of his sexual orientation. Gibson countered, among other

things, that (i) Plaintiff never made any complaint, "protested" or "opposed" discrimination, or otherwise engaged in statutorily protected activity, (ii) the decision-maker was not aware of the alleged "mocking incident" or any alleged complaint prior to the termination of Plaintiff's employment, and that (iii) Plaintiff was terminated solely due to his poor job performance.

On November 5, 2009, after deliberating for approximately three hours, the jury issued a unanimous verdict in favor of Gibson. Subsequently, on November 10, 2009, the Court entered Judgment against Plaintiff.

## ARGUMENT

### POINT I

### THE COURT SHOULD AWARD GIBSON ITS ATTORNEYS' FEES AND COSTS UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

Under the New York City Human Rights Law, "... the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code § 8-502(f); *see Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 90 (2d Cir. 2004) ("Under the terms of NYCHRL, 'the court ... may award the prevailing party costs and reasonable attorney's fees.'"); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 535 (S.D.N.Y. 2008) (same); *Desir v. Concourse Rehabilitation & Nursing Center*, No. 06 Civ. 1109, 2008 WL 756156, at *1 (S.D.N.Y. Mar. 21, 2008) (the New York City Human Rights Law "specifically permits awards of attorneys' fees to prevailing parties ...."); *Shannon v. Fireman's Fund Insurance Co.*, 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001) (granting motion for attorneys' fees under the New York Human Rights Law).

In the present case, there is no question that Gibson is the "prevailing party" in this lawsuit. Gibson obtained a full defense verdict and a Judgment against Plaintiff. Accordingly, the Court can and, for the reasons set forth herein, respectfully should award it reasonable attorneys' fees and costs in connection with its defense of Plaintiff's case.

4

In deciding whether to award attorneys' fees under the New York City Human Rights Law, courts use factors similar to those used in cases under Title VII of the Civil Rights Act of 1964. *See Shannon*, 156 F. Supp. 2d at 298 ("The standard used in determining fee awards under section 8-502(f) of the N.Y.C. Admin. Code is the same as that used for fee claims brought under similar federal statutes."); *Wilson v. Nomura Sec. Int'l, Inc.*, 2002 U.S. Dist. LEXIS 12668,*3 (S.D.N.Y. 2002) (same), *aff'd in part, rev'd in part on other grounds*, 361 F.3d 86 (2d Cir. 2004). Under Title VII, a prevailing defendant is entitled to attorneys' fees where the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co., v. EEOC*, 434 U.S. 412, 421 (1978). Further, "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.* at 422 (emphasis in original).

In *Davis v. Yellow Freight Systems, Inc.*, 2005 WL 1388889, *2 (N.D.N.Y. 2005), the federal district court applied the standard in *Christianburg Garment* and granted attorneys' fees to a defendant under Title VII because "it [was] clear that Plaintiff, other than his own personal assertions, had no proof prior to filing his complaint to support his claims. Moreover, Plaintiff was unable to uncover any such proof during the course of discovery and, therefore, was unable to establish any element of a *prima facie* case of discrimination."

As in *Davis,* here the motion for attorneys' fees should be granted because Plaintiff had no proof of his claims and was unable to establish the elements of his *prima facie* case (other than that his employment was terminated). Specifically, Plaintiff had no evidence -- direct or circumstantial -- that: (i) Plaintiff "protested," "opposed," or "complained" about any alleged discrimination, (ii) Gibson's CEO, who criticized Plaintiff's performance in June 2003, and who

was the decision-maker with respect to Plaintiff's termination, was aware that Plaintiff had engaged in any legally protected activity, or that (iii) Plaintiff's termination was causally related to any alleged "complaint" regarding any alleged "mocking incident."

Moreover, Plaintiff's claims should be deemed "frivolous," "unreasonable" and/or "without foundation" -- and arguably were brought in "bad faith" -- because, in addition to their lack of legal and factual support, it is clear that Plaintiff fabricated facts regarding the alleged "mocking incident" from which all of Plaintiff's claims arose.

Specifically, in the EEOC Charge that Plaintiff and his counsel submitted to the EEOC in October 2003, Plaintiff claimed, *under penalty of perjury*, that the alleged "mocking" of his sexual orientation occurred "unbeknownst" to him. *See* Goldberg Decl., Exh. A (EEOC Charge). At trial, Plaintiff also testified *under oath* that he did not witness any alleged mocking. Goldberg Decl., Exh. C (Trial Transcript Vol. II, dated November 3, 2009, at 339:15-340:25). However, during Plaintiff's deposition on July 19, 2007, one week after the Court had dismissed Plaintiff's claims -- including his discrimination claim -- **with leave to amend**, Plaintiff testified *under oath* that he personally witnessed the alleged mocking, twice, and proceeded to describe it in explicit detail. Goldberg Decl., Exh. B (Transcript of the Deposition of Daniel Riscili, dated July 19, 2007, at 79:10-85:10, 88:10-89:2); *Id.*, Exh. C (Trial Transcript Vol. III, dated November 4, 2009, at 418:7-421:24) (confirming deposition testimony).

Based on the foregoing, it seems evident that Plaintiff's story of what occurred during the Gibson-sponsored event on April 2, 2003 was fabricated, at least in part, (i) in response to the Court's order dismissing Plaintiff's claims (including his discrimination claim) with leave to amend, and (ii) in an attempt to bolster, and to continue to pursue, those claims.

Accordingly, for the reasons set forth above, Defendant's motion for attorneys' fees should be granted pursuant to Section 8-502(f) of the NYCHRL.

## POINT II

### THE COURT SHOULD AWARD GIBSON ITS ATTORNEYS' FEES AND COSTS UNDER 28 U.S.C. § 1927

Under 28 U.S.C. Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award of fees is proper under Section 1927 where plaintiff's counsel persists "in asserting specious claims despite ample opportunity . . . to withdraw the[m]." *Gollomp v. Spitzer*, 568 F.3d 355, 369 (2d Cir. 2009) (internal quotations omitted); *In re Ski Train Fire in Kaprun Aus.*, 2007 U.S. Dist. LEXIS 60229 (S.D.N.Y. Aug. 16, 2007) (award of fees proper where, among other things, counsel made false representations regarding witnesses).

It is well-established that "§ 1927 imposes a continuing obligation to correct or withdraw claims, defenses, and litigation positions after it becomes obvious that they are without merit. Thus, once it is obvious that an asserted position has no factual or legal basis, the continued assertion of that position exposes counsel to § 1927 sanctions." *Gollomp v. Spitzer*, 2007 U.S. Dist. LEXIS 8524 (N.D.N.Y. Feb. 5, 2007), *aff'd*, 568 F.3d 355, 369-371 (2d Cir. 2009) (Section 1927 sanctions upheld where plaintiff's counsel continued to, among other things, litigate claims even after it became clear that the claims lacked legal basis); *Wright v. Wilson Elser Moskowitz Edelman & Dicker*, 1996 U.S. Dist. LEXIS 11287 (S.D.N.Y. Aug. 7, 1996) (Section 1927 sanctions upheld because "[n]o competent lawyer, after reasonable inquiry, would have concluded that this argument was warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law");

7

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* 2001 WL 1154669, *3 (S.D.N.Y. Oct. 1, 2001) (Section 1927 sanctions upheld for pursuing a meritless motion).

Here, there is no question that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this case by continuing to litigate claims even after it became clear that the claims lacked any factual or legal basis. For example, Plaintiff's counsel has known since at least July 19, 2007 (the date of Plaintiff's deposition) that Plaintiff had testified to two wildly different versions of the alleged "mocking incident" -- one in which the alleged mocking occurred behind his back (Plaintiff's EEOC Charge), and one in which Plaintiff turned around and saw it twice in explicit detail (Plaintiff's deposition).[1] Without question, one of the foregoing sworn assertions is false. To the extent that Plaintiff's counsel was aware that Plaintiff's statement in his EEOC Charge, testimony during his deposition, or testimony at trial were false and perjurious, that itself is a sufficient basis to award fees under 28 U.S.C. § 1927. *See Humphrey v. Columbia Records, Div. of CBS, Inc.,* 124 F.R.D. 564, 567 (S.D.N.Y. 1989) ("More devastating, [counsel] knew when she asked the question that she was inducing her client to give perjured testimony. That alone is a sufficient basis for an award of sanctions under the court's inherent power . . . or under § 1927."). Indeed, despite the fact that Plaintiff's counsel has known that Plaintiff had no legitimate or reasonable explanation to drastically change his story, counsel continued to pursue Plaintiff's claims against Gibson (all of which arose out of the alleged "mocking incident").

---

[1] Again, at trial, Plaintiff reverted to the earlier story, testifying that the alleged mocking occurred behind his back and that he did not personally witness anything. Goldberg Decl., Exh. C (Trial Transcript Vol. II, dated November 3, 2009, at 339:15-340:25). No explanation was given for this inconsistent testimony.

8

Further, Plaintiff's counsel was also well aware that Plaintiff's claims lacked any legal basis. For example, as Plaintiff acknowledged at trial, and as counsel for Plaintiff well knows, there was no evidence -- direct or circumstantial -- to show that Gibson's CEO, the decision-maker with respect to the termination of Plaintiff's employment, was aware of any alleged "mocking incident" or any alleged complaint related thereto prior to the termination of Plaintiff's employment. Moreover, Plaintiff's counsel was aware that there was no evidence of a causal connection between the alleged complaint and the termination.

Accordingly, for the reasons set forth above, Gibson's motion should also be granted under Section 1927.

## POINT III

## GIBSON'S REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

The amount of "reasonable" attorneys' fees is determined on the basis of a "lodestar," which is the product of (a) the number of hours reasonably worked on a case, multiplied by (b) the reasonable hourly rate for the work performed. *Id.* The lodestar amount represents a presumptively reasonable fee award. *Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508, 510 (S.D.N.Y. 2007) (applying lodestar amount in Title VII case).

### A. The Time Spent by Gibson's Counsel in this Case was Necessary to Defend Gibson from Plaintiff's Claims

Gibson seeks no less than approximately $200,000.00 in attorneys' fees for approximately 475 hours of the time spent by the undersigned firm defending this case, as well as approximately $2,300 in costs.[2] Goldberg Decl., ¶ 5. Among other things, counsel prepared

---

[2] Please note that: (i) additional time was expended by the undersigned firm on this matter that is not reflected in these amounts; and (ii) additional attorneys' fees and costs were incurred by Gibson as a result of the efforts of its prior counsel.

9

papers in support of a motion for summary judgment (which was granted in part), prepared for and defended depositions, and extensively prepared for trial and the defense against Plaintiff's retaliation claim during the trial itself. Other work performed on Gibson's behalf in defense of this case includes, among other things:

- locating, compiling, and producing documents demanded by Plaintiff;
- conducting appropriate legal research regarding varying relevant legal theories;
- preparing for and attending status conferences;
- preparing for and attending motion hearings;
- preparing correspondence to Plaintiff's counsel and the Court; and
- preparing pre-trial documents and motions, including motions *in limine*;

These hours are fully justified by the course of this litigation and, more importantly, the results obtained.[3] Further, the time spent on the defense of this action was reasonable and necessary in light of Plaintiff's persistence in pursuing his claims and the risk to Gibson in light of Plaintiff's demands. This was a vigorously litigated case that required the expenditure of substantial resources to defend against Plaintiff's baseless allegations.

**B.    Defense Counsel's Hourly Rates are Reasonable for the Services Rendered**

The second step in establishing the lodestar is to determine the reasonable hourly rate for the attorneys' services. The reasonable hourly rate is the rate prevailing in the community for similar work and is the product of factors, including "the time and labor required, counsel's experience in this area of the law, awards in comparable cases, and attorney rates in this district ...." *Weingarten v. Optima Communications System, Inc.*, 544 F. Supp. 2d 193, 197 (S.D.N.Y. 2008); *Luessenhop v. Clinton County, New York*, 324 Fed.App. 125, 126 (2d Cir. 2009) (using

---

[3] The amount of time reasonably spent on a case "includes all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on the matter." *See Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983).

10

the "rate 'prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience and reputation.'").

In this case, the rates in this case are well within the range of hourly rates in the New York market for counsel with the experience and litigation skills possessed by counsel for Gibson. The attorneys primarily responsible for defending against Plaintiff's claims were Jonathan E. Goldberg and Mary E. Ahrens. These attorneys have extensive experience in litigation and employment law. Mr. Goldberg is a partner who has practiced for over fourteen years, and Ms. Ahrens is an associate who has been practicing for over six years. *See* Goldberg Decl., ¶ 6.

Further, for most of the fees sought, Mr. Goldberg's rate was discounted to $530/hour and Ms. Ahrens's rate was discounted to $320/hour. Goldberg Decl., ¶ 6. In addition, discounted rates were also used for the other attorneys, paralegals, and staff who assisted from time to time on this matter. These rates are consistent with, and in many cases lower than, rates for lawyers in the New York community with comparable skills and experience. *See* Goldberg Decl., Exh. D (survey of attorney rates in various locations, including the New York area, dated December 8, 2008). Under the circumstances, these rates should be deemed reasonable.

## **CONCLUSION**

For all the foregoing reasons, Gibson respectfully requests that the Court: (i) grant its motion for reasonable attorneys' fees and costs and, if granted, (ii) allow Gibson to supplement its request to include the fees and costs in preparing this motion; and (iii) set forth a schedule by which Gibson can submit any additional detail required to substantiate its request for such fees and costs.

Dated: December 4, 2009

                                  SEYFARTH SHAW LLP

                                  By _____
                                  Jonathan E. Goldberg, Esq.
                                  620 Eighth Avenue
                                  New York, NY 10018
                                  Phone: (212) 218-5500
                                  Fax: (212) 218-5500
                                  *Attorneys for Defendant*