```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


------------------------------------X
DANIEL RISCILI,                     :   06 Civ. 7596 (SC)
                                    :
        Plaintiff,                  :
                                    :   ORDER DENYING
        v.                          :   DEFENDANT'S MOTION
                                    :   FOR ATTORNEYS' FEES
GIBSON GUITAR CORP., a Delaware     :   AND COSTS
corporation; a.k.a., GIBSON USA,    :
GIBSON MUSICAL INSTRUMENTS, GIBSON  :
ENTERTAINMENT RELATIONS,            :
                                    :
        Defendants.                 :
                                    :
------------------------------------X
```

## I. INTRODUCTION

Now before the Court is the Motion for Attorneys' Fees and Costs filed by Defendant Gibson Guitar Corp. ("Defendant" or "Gibson"). Docket No. 95 ("Mot."), 96 ("Mem. of Law in Support of Mot."). Plaintiff Daniel Riscili ("Plaintiff" or "Riscili") opposed the Motion and Defendant filed a Reply. Docket Nos. 102, 105. For the reasons explained below, the Court DENIES the Motion.

## II. BACKGROUND

Gibson removed this case from state court on September 20, 2006. Docket No. 1 ("Notice of Removal"). On July 10, 2007, the Court granted in part and denied in part Gibson's motion to dismiss. Docket No. 16 ("July 10, 2007 Order"). On March 26, 2009, the Court granted Gibson's motion for summary judgment as

to Riscili's discrimination claim, but denied the motion as to his retaliation claim.  Docket No. 41 ("March 26, 2009 Order"). Beginning November 2, 2009, the Court held a four-day jury trial on whether Gibson unlawfully retaliated against Riscili in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.  The jury returned a verdict in favor of Gibson. On November 10, 2009, the Court entered Judgment against Plaintiff.  Docket No. 87 ("Judgment").  Gibson now moves for attorneys' fees and costs.

### III. LEGAL STANDARD

#### A. New York City Human Rights Law

Under the New York City Human Rights Law, "the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees."  N.Y.C. Admin. Code § 8-502(f).  "The standard used in determining fee awards under section 8-502(f) of the N.Y.C. Admin. Code is the same as that used for fee claims brought under similar federal statutes."  Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001).

Under Title VII of the Civil Rights Act, a district court may in its discretion award attorneys' fees to a prevailing defendant upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978).

"[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22.  Still, "if a plaintiff is found to have brought or continued . . . a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  Id. at 422.

### B.  28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  An award of fees is proper under Section 1927 where plaintiff's counsel persists "in asserting specious claims despite ample opportunity . . . to withdraw the[m]."  Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (internal quotations omitted).

## IV. DISCUSSION

Gibson contends that the Court should exercise its discretion to award attorneys' fees and costs because of an inconsistency in Riscili testimony.  Mem. of Law in Support of Mot. At 6.  At his deposition, Riscili testified that he

personally witnessed the alleged incident whereby a co-worker mocked his sexual orientation at a Gibson-sponsored event in 2003.  Goldberg Decl. Ex. B ("Riscili Dep.") at 79:25-84:14.[1]  At trial, however, Riscili testified that he did not personally witness the incident.  Id. Ex. C ("Trial Test.") at 418:7-421:24.  Also, Riscili's statement in his original EEOC Charge of Discrimination suggests that he did not personally witness the mocking incident.  Goldberg Decl. Ex. A ("EEOC Charge").  Riscili's trial testimony is therefore consistent with his EEOC statement, but inconsistent with his deposition testimony.

   Despite this inconsistency, the Court cannot conclude that Riscili's action was frivolous, unreasonable, or without foundation.  Michael John LaChiusa testified that he personally witnessed the incident, and Riscili testified regarding a change in the company's attitude towards him before and after the incident.  While courts are empowered to award attorneys' fees and costs to prevailing defendants, courts

> must be extremely cautious in using that power to avoid chilling the vital ability of persons who believe that they are victims of discrimination to seek recourse.  They must remain acutely aware that claims of discrimination in the workplace often can be difficult to prove, even where discrimination actually has occurred, and that an award of attorneys' fees to a prevailing defendant in

---

[1] Jonathan E. Goldberg, counsel for Gibson, filed a Declaration in Support of Defendant's Motion for Attorneys' Fees and Costs.  Docket No. 97.

such a case usually will not be warranted. <u>Franchitti v. Bloomberg L.P.</u>, 411 F. Supp. 2d 466, 468 (S.D.N.Y. 2006). Having presided over the trial in this case, the Court determines that an award of attorneys' fees and costs to the prevailing defendant is not warranted.

**V.   CONCLUSION**

For the foregoing reasons, Gibson's Motion for Attorneys' Fees and Costs is DENIED.

IT IS SO ORDERED.

Dated: March 4, 2010

_____
UNITED STATES DISTRICT JUDGE